# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30746
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2018

Lyle W. Cayce
Clerk

TRACTOR AND EQUIPMENT COMPANY,

> Plaintiff - Appellee

v.

DUAL TRUCKING AND TRANSPORT, L.L.C.; ANTHONY ALFORD,

> Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5413

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

One of the defendants, Dual Trucking and Transport, L.L.C., had an open account with the plaintiff. An owner of the defendant company, Anthony Alford, signed a personal guaranty. The plaintiff, Tractor and Equipment Company, originally sued both defendants in Montana state court, alleging that the defendant company had an unpaid credit balance and that Alford was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30746

liable because he had guaranteed the account.  The Montana court dismissed the claims against Alford for lack of personal jurisdiction.  It later entered judgment against Dual Trucking for $292,846.30 plus interest, attorneys' fees, and costs.  After the Montana court dismissed the plaintiff's claims against Alford, but before that court entered judgment against the company, the plaintiff filed a complaint in the Eastern District of Louisiana, then obtained a declaration that Alford's guarantee was valid and enforceable.  This court affirmed.  *Tractor & Equip. Co. v. Dual Trucking & Transp., L.L.C.*, 731 F. App'x 334 (5th Cir. 2018) (mem.).

The battle continued even while the prior appeal was pending.  After further proceedings, the district court entered an order enforcing the Montana judgment and awarding additional attorneys' fees incurred in enforcing the Montana judgment in Louisiana.  That judgment is the one before us today.

The defendants raise two arguments in this appeal.  First is that the district court lacked jurisdiction to grant the plaintiff's motion to reopen and for further relief while the appeal of the district court's declaratory judgment was pending before this court.  Second is that the district court erred in entering judgment without first conducting an additional hearing.  That argument is based on language in the declaratory judgment statute, the source of authority for the district court's first judgment.  It requires "reasonable notice and a hearing" before a district court may grant relief based on a declaratory judgment.  28 U.S.C. § 2202.

Because Section 2202 states that a district court "may" award further "necessary or proper relief based on a declaratory judgment," we review a district court's decision to award damages pursuant to that provision for abuse of discretion.  *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 569 (5th Cir. 2005).  An abuse of discretion will be found "only when no reasonable person could take the view adopted by the district court."

No. 17-30746

*Noatex Corp. v. King Constr. of Houston, L.L.C.*, 732 F.3d 479, 487 (5th Cir. 2013).

We see no merit to the argument that the district court's discretion was abused by ruling while the defendants' appeal was pending. "Courts that have addressed when a motion for further relief may be brought under [Section] 2202 have consistently held that neither the filing of an appeal nor a lengthy delay after the trial court's initial ruling terminates the court's authority to grant further relief pursuant to [Section] 2202." *United Teacher*, 414 F.3d at 572. The defendants had notice of Dual Trucking's motion and filed a brief in opposition to that motion. They did not request an oral hearing pursuant to the district court's local rules. We conclude the district court's decision to grant relief consistent with its declaratory judgment without an oral hearing did not constitute an abuse of discretion.

AFFIRMED.